IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| PATRICIA BARRETT, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| ) | JURY TRIAL DEMANDED |
| CREATIVE CHOICE HOMES XXIV ) | |
| LTD. and IMPRO SYNERGIES LLC ) | |
|     Defendants. ) | |
| _____/ | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF,
DAMAGES, AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, PATRICIA BARRETT, by and through her undersigned counsel, and hereby files this Verified Complaint against the Defendants, CREATIVE CHOICE HOMES XXIV LTD., and IMPRO SYNERGIES LLC, as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Patricia Barrett is a 64 year old woman and a tenant at Sanctuary Walk Apartments, 645 E. 21st Street, Unit 4205, Duval County, Florida 32206.

2. She lives there with her husband, James Barrett.

3. They live in a two-bedroom unit on the second floor.

4. The Barretts have been good and responsible tenants of Sanctuary Walk for approximately 13 years.

5. Ms. Barrett brings this action for damages based upon the Defendants' violations of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601

et. seq. ("FHA") by failing to reasonably accommodate Ms. Barrett's disability, by subjecting her to different terms and privileges on account of disability in violation of the FHA and by coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of her having exercised or enjoyed any right granted or protected by the FHA.

6. Creative Choice Homes XXIV Ltd. ("CCH") is organized as a domestic limited partnership with its principal place of business located at 8895 North Military Trail, Suite 201E, Palm Beach Gardens, FL, in Palm Beach County, Florida.

7. At all times relevant to the complaint and according to the City of Jacksonville Property Appraiser records, CCH has been the owner of Sanctuary Walk Apartments.

8. Impro Synergies LLC ("Impro") provides property management services to Creative Choice Homes XXIV Ltd.

9. Impro is organized as a domestic limited liability company with its principal place of business located at 8895 North Military Trail, Suite 201E, Palm Beach Gardens, FL, Palm Beach County, Florida.

10. At all times relevant to the complaint, Impro has been the property manager of Sanctuary Walk Apartments.

11. Jurisdiction of this Court arises under 42 U.S.C. § 3613(a), (c), 28 U.S.C. § 1331 and § 1343(a)(3), (4).

12. Venue is proper in this district pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

13. The FHA defines the term "handicap" as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h)(1).

14. Ms. Barrett is a person with a medical diagnosis that rises to the level of "handicap" for purposes of the FHA.

15. According to her healthcare provider, Ms. Barrett has disabilities including neuropathy in her legs and feet resulting from diabetes that cause substantial limitations of her daily life activities, including walking, balancing and standing for a prolonged period.

16. Ms. Barrett suffered an injury in February 2023 and in April 2023, her disabilities progressed such that and according to her medical provider, it became a medical necessity that she be transferred from her second-floor apartment to a first-floor unit.

17. In April 2023, Ms. Barrett orally requested a transfer to a two bedroom, first-floor unit comparable to her unit as a reasonable accommodation of her disability.

18. Ms. Barrett was told by the property manager that all she needed was a doctor's letter and that if she provided a doctor's letter that she would be transferred.

19. In April 2023, Ms. Barrett put a doctor's letter in support of her request for a reasonable accommodation to be transferred to a first-floor unit in the property manager's drop box.

20. The next day, the property manager called Ms. Barrett and told her that she had received the doctor's letter and that she and Mr. Barrett had to sign a new lease-which they did.

21. Relying on the promise of a transfer, the Barretts signed a new lease in April 2023.

22. After providing the letter, Ms. Barrett did not hear anything about the requested transfer.

23. After not hearing anything from the property manager, Ms. Barrett called and inquired when she would be allowed to transfer to a first-floor, two bedroom unit and was told that it would probably be in June, but that it might not be until July.

24. Ms. Barrett knew that there were vacant first-floor two-bedroom apartments and did not understand the reason for the delay.

25. At the end of April 2023, a first floor two-bedroom apartment was vacated at the property by friends of the Barretts.

26. The Barretts then asked the property manager to allow them to transfer to that unit and were told no.

27. The Barretts told management that Mr. Barrett, who worked for years as an apartment maintenance technician, would assist in getting it ready.

28. The property manager said no and that they could not do that.

29. After that conversation, Ms. Barrett called and spoke with the regional manager for the property and relayed the communications with local property manager about her need for the transfer and the denial.

30. The regional manager told her that she was unaware of the situation and that she would be at the property the following week and would look into it.

31. Although Ms. Barrett had no meeting with the regional manager planned, she and her husband ran into her when she was at the property the following week.

32. Ms. Barrett inquired of the regional manager about the transfer and was told by the regional manager that she was not being transferred and to continue to speak with the local manager.

33. In June after hearing nothing at all about a transfer, Ms. Barrett called the property manager and was told that they were not transferring anyone at that time and that she should move.

34. On June 26, 2023, a written request for a reasonable accommodation of Ms. Barrett's disability of a transfer to a first-floor two bedroom apartment was made by Ms. Barrett through counsel.

35. That request had a doctor's letter in support attached and was sent to both the owner and manager.

36. On July 25, 2023, when neither Ms. Barrett nor her counsel had received any response to the written request for a reasonable accommodation, Ms.

Barrett, through counsel, contacted a lawyer who represents Defendants in landlord-tenant matters.

37. Ms. Barrett, through counsel, sent the lawyer for Defendants the reasonable accommodation request that was previously sent to Defendants, with additional medical support.

38. On August 8, 2023, Defendants, through counsel, told Ms. Barrett that there were no available first floor, two-bedroom units.

39. Upon observation, information and belief there are first-floor, two-bedroom units that are and have been available.

40. Upon observation, information and belief, Unit 4155, the unit directly below Ms. Barrett, has been vacant since February 2023.

41. Upon observation, information and belief, Units 5103, 1101 and 1104 have been vacant since April 2023.

42. Upon observation, information and belief, Unit 4101 has been vacant since May 2023.

43. Upon information and belief, since those units have been vacant, first floor, two-bedroom units have been offered to potential renters.

44. On or around August 24, 2023, a potential renter spoke with a woman named Shatara, a rental agent at Sanctuary Walk Apartments.

45. The potential renter was offered a two bedroom first-floor apartment for immediate occupancy.

46. The potential renter was told that they would be taking the apartment "as is" because the carpets in the unit needed to be cleaned.

47. To date, Ms. Barrett has not been transferred; she remains in her second-floor unit and is in great physical and emotional pain as her disability is worsened by Defendants' failure to accommodate her.

## CLAIMS

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE A REASONABLE ACCOMODATION, IN VIOLATION OF 42 U.S.C. § 3604(f)(3)

48. Defendants, through their actions and the actions of their agents, are liable to the Plaintiff by violating the federal Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 et seq. by refusing to provide a reasonable accommodation to accommodate Ms. Barrett's disability in violation of 42 U.S.C. § 3604(f)(3)(A) and (B).

49. Defendants' unlawful actions were intentional, willful and implemented with callous or reckless disregard for Ms. Barrett's civil rights.

50. Due to the Defendants' discriminatory conduct, Ms. Barrett suffered injury, harm and damages.

### SECOND CAUSE OF ACTION
### COERCION, INTIMIDATION, THREATS, OR INTERFERENCE IN VIOLATION OF 42 U.S.C. § 3617

51. Defendants, through their actions and the actions of their agents, are liable to the Plaintiffs by violating the federal Fair Housing Act of 1968, as amended, in violation of 42 U.S.C. § 3617 by coercing, intimidating,

threatening, or interfering with Ms. Barrett's exercise or enjoyment of her home, or exercise or with any right granted or protected by section 42 U.S.C. § 3604.

52. Upon information and belief other, similarly situated individuals who did not exercise or enjoy any right granted or protected by section 42 U.S.C. § 3604, did not suffer the same coercing, intimidating, threatening, or interfering actions or behavior by Defendants.

53. Defendants' unlawful actions were intentional, willful and implemented with callous or reckless disregard for plaintiff's civil rights.

54. As a result of the Defendants' conduct, plaintiffs suffered injury, harm and damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that the Court grant the following relief:

Enter a preliminary injunction enjoining Defendants from discriminating and requiring Defendants to:

1. make available and rent any available and habitable first-floor two-bedroom unit to Plaintiff. If no such unit is currently ready and available for rent, then to make it ready and available forthwith and within a week.
2. Further enter a permanent injunction:

    a. permanently ordering the relief set forth in (1) above;

    b. enjoining Defendants and its directors, officers, agents, and employees from discriminating based on physical handicap and incorporating all the relief set forth above;

    c. directing Defendants to adopt a Reasonable Accommodation/Modification Policy which comports with federal, state and local law;

    d. directing Defendants and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future; and

3. Award compensatory damages to Plaintiffs in an amount to be determined by the jury that would fully compensate Plaintiffs for injuries caused by the conduct of Defendants as alleged herein;

4. Award punitive damages to Plaintiffs in an amount to be determined by the jury that would punish Defendants for the willful, malicious, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

5. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 3613(c)(2); and

6. Award such additional or alternative relief as may be just, proper and equitable.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues which can be heard by jury.

## **VERIFICATION**

I, Patricia Barrett in Duval County, Florida, declare under penalty of perjury that the foregoing facts set forth in this Complaint are true and correct.

Executed on  10/03/23  .

_____
Patricia Barrett (Oct 3, 2023 11:43 EDT)
Patricia Barrett, Plaintiff

Dated: 10/03/23                                RESPECTFULLY SUBMITTED,

                                               By:  */s/Suzanne Garrow*
                                                    Suzanne Garrow
                                                    Fla. Bar No.: 122184
                                                    Jacksonville Area Legal Aid
                                                    126 West Adams Street
                                                    Jacksonville, FL 32202
                                                    (904) 356-8371 Ext. 374
                                                    (904) 405-1976 Fax
                                                    Suzanne.garrow@jaxlegalaid.org